# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:13-cr-81 |
| ) | |
| STEVEN BORCHERT, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion for Disclosure of Grand Jury Material Pursuant to Rule 6(e)(3)(E)(i) and (ii), filed by pro se Defendant, Steven Borchert, on August 30, 2013 (DE #9); and (2) Motion to Dismiss Indictment, filed by pro se Defendant, Steven Borchert, on August 30, 2013 (DE #10). For the reasons set forth below, both motions (DE #9 and DE #10) are **DENIED**. Additionally, the request for oral argument is **DENIED**.

BACKGROUND

In June 2013, a grand jury charged Defendant, Steven Borchert, with nine counts of making and subscribing a false document with the IRS in violation of 26 U.S.C. section 7206(1). The false documents identified in the indictment are Form 1040s filed with the IRS for tax years 2001-2009, and the indictment alleges that

Defendant omitted the gross receipts and sales of his carpet cleaning business from the Form 1040s. (DE #1, ¶¶ 2, 8.) Specifically, the statutory allegations in the indictment are:

> [Defendant] willfully made and subscribed a false Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and which [defendant] did not believe to be true and correct as to every material matter. Specifically, each of the Form 1040s identified below, which were filed with the IRS, omitted Chemdry's gross receipts and sales on a Schedule C Form, and anywhere else on the Form 1040.

(DE #1, ¶ 9.)

Defendant filed the instant Motion to Dismiss Indictment (DE #10), arguing it fails to adequately allege each element of the offense charged. Additionally, he filed the Motion for Disclosure of Grand Jury Material, making a similar argument that he believes the Assistant United States Attorney did not properly instruct the grand jury as to each and every element of the offense charged. (DE #9, p. 2.) The Government filed a response contesting both motions. (DE #12.) Defendant filed a reply in support of both motions on September 16, 2013 (DE #16). Therefore, the motions are fully briefed and ripe for adjudication.

DISCUSSION

Motion to Dismiss Indictment

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment shall "be a plain, concise and definite written

statement of the essential facts constituting the offense charged . . .." Fed. R. Crim. P. 7(c)(1). A grand jury indictment serves to protect rights granted by the Fifth Amendment, namely limiting the federal government's power to hold someone to answer for a felony unless on a grand jury indictment, and the Sixth Amendment, which grants persons accused of a crime the right to be informed of the nature and cause of the accusation. *See Russell v. United States*, 369 U.S. 749, 760-61 (1962); *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir. 1991). "An indictment is constitutionally sufficient and satisfies Fed. R. Crim. P. 7(c)(1) if it states the elements of the crime charged, informs the defendant of the nature of the charge so [he] may prepare a defense, and enables the defendant to plead the judgment as a bar against future prosecutions for the same offense." *United States v. Agostino*, 132 F.3d 1183, 1189 (7th Cir. 1997) (citations omitted); *see also United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995). An exhaustive recounting of the facts surrounding the crime is not required. *Agostino*, 132 F.3d at 1189. Indeed, even the words of the statute itself will suffice as long as those words expressly set forth all the elements necessary to constitute the offense. *Id.*

However, it is also true that an indictment "must be tested by its sufficiency to charge an offense." *United States v. Sampson*, 371 U.S. 75, 78-79 (1962). The Seventh Circuit noted, in *United*

3

*States v. Gimble*, that:

> In order to be valid, an indictment must allege that the defendant performed acts which, if proven, constituted a violation of the law that he or she is charged with violating. If the acts alleged in the indictment did not constitute a violation of the law that the defendant has been charged with violating, we must reverse any subsequent conviction based on that indictment.

*United States v. Gimble*, 830 F.2d 621, 624 (7th Cir. 1987).

In considering Defendant's motion, this Court is mindful that dismissing an indictment is an extraordinary measure. *See, e.g., United States v. Morrison*, 449 U.S. 361, 365 (1981) (concluding the dismissal of an indictment was unwarranted absent a constitutional infringement that substantially prejudiced defendant's case); *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997) ("Because the public maintains an abiding interest in the administration of criminal justice, dismissing an indictment is an extraordinary step.").

Defendant argues that he did not need to report his business receipts because the "receipts do **NOT** include the performance of the functions of a public office, as trade or business is defined to include such performance." (DE #10, p. 6 (emphasis in original).) Borchert has already made this argument to Judge Alan Sharp, Judge Philip Simon, the Seventh Circuit Court of Appeals and the Supreme Court, and every single Court has already rejected this argument. *See, e.g, Borchert v. United States*, 232 Fed. Appx. 601,

4

602-03 (7th Cir. 2007) (finding his argument that the IRS may collect tax only on income derived from a revenue stream internally connected with the federal government "patently frivolous"); *Borchert v. United States*, 4:07-CV 71 (N.D. Ind., DE #13, Nov. 15, 2007) (J. Simon) (regarding Borchert's claim that the Internal Revenue Code did not apply to him, "[t]his is precisely the argument that the petitioner made last year before Judge Sharp which he rejected and which was again rejected by the Seventh Circuit on appeal."); *Borchert v. United States*, 552 U.S. 1102, No. 07-718, *cert. denied* (Jan. 7, 2008). This Court follows and agrees with this authority.

Defendant also claims that the element missing from the indictment is that the Defendant did not believe the document to be true and correct as to every material matter. (DE #16, p. 3.) To the contrary, this Court finds that the indictment alleges all of the necessary elements. The elements of a Section 7206(1) offense are as follows:

> 1. The defendant made and subscribed a document which was false as to a material matter;
>
> 2. The document contained a written declaration that it was made under the penalties of perjury;
>
> 3. The defendant did not believe the document to be true and correct as to every material matter; and
>
> 4. The defendant falsely subscribed to the document willfully, with the specific intent to violate the law.

5

*United States v. Bishop*, 412 U.S. 346, 350 (1973); *United States v. Hills*, 618 F.3d 619, 634 (7th Cir. 2010); *see also* Seventh Circuit Pattern Instructions, 26 U.S.C. § 7206(1) Fraud and False Statements - Elements. The Government has alleged that the Form 1040s are false as to a material matter. (DE #1, ¶ 9); *see United States v. Pree*, 408 F.3d 855, 873 (7th Cir. 2005) ("[a] false statement is 'material' when it has the potential for hindering the IRS's efforts to monitor and verify the tax liability of the taxpayer.") (quotation omitted); *United States v. Hedman*, 630 F.2d 1184, 1196 (7th Cir. 1980) (finding any false statement relating to gross income, regardless of the amount, constitutes a material misstatement in violation of § 7206(1)). The indictment alleges that the false Form 1040s were verified by a written declaration and made under the penalties of perjury. (DE #1, ¶ 9.) Additionally, it alleges "Borchert did not believe [the Form 1040s] to be true and correct as to every material matter."[1] (DE #1, ¶ 9) Finally, it sufficiently alleges that Defendant subscribed to the document willfully. Indeed, the Supreme Court has defined "willfulness" as the "voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200 (1991).

---

[1] Defendant emphatically claims he did believe the document was true and correct as to every material matter (DE #16, p. 6). However, the indictment sufficiently alleges that Defendant did not believe the document was true and correct as to every material matter - which is all that is required at this stage. Whether the Government can prove the allegations at trial is left up to the jury to decide.

6

The omission of required information can form the basis of a conviction under 26 U.S.C. § 7206(1). *See, e.g., United States v. Taylor*, 574 F.2d 232, 234-36 (5th Cir. 1978) (failure to report amounts of gross livestock receipts on Schedule F render a return materially false). Therefore, the indictment properly states the elements of the crime charged and alleges acts which, if proven, constitute a violation of the Internal Revenue Code.

To the extent Defendant argues the indictment should be dismissed for improper instructions to the grand jury, this argument is also unavailing. There is a strong presumption of regularity of grand jury proceedings and courts ordinarily do not delve into those actions. *United States v. Williams*, 504 U.S. 36, 46 (1992). "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. Untied States*, 350 U.S. 359, 363 (1956). Without more than mere assertions that the prosecutor must have provided erroneous instructions to the grand jury, Defendant cannot overcome the strong presumption of regularity of the grand jury proceeding.

Finally, Defendant contends that the statute of limitations has expired on his claims. (DE #10, pp. 11-12.) Defendant claims that the statute of limitation for 26 U.S.C. § 6020(b) is three years, has expired, and provides proof that no tax was owed. (DE

7

#16, p. 5.)  However, this argument is simply misguided.  Here, Defendant was charged with violations of 26 U.S.C. § 7206(1).  (DE #1.)  It is undisputed that the statute for violation of Section 7206(1) is 6 years.  *See* 26 U.S.C. § 6531(5); *Kawashima v. Holder*, 132 S. Ct. 1166, 1180 (2012) ("setting a six-year statute of limitations for, *inter alia*, tax crimes involving fraud or falsity").  The limitation time begins to run on the date that the return is filed with the IRS.  *See United States v. Marashi*, 913 F.2d 724, 736 (9th Cir. 1990) (quotation omitted) ("A violation of 26 U.S.C. § 7206(1) is complete when a taxpayer files a return which he does not believe to be true and correct as to every material matter").  In this case, the indictment alleges the filing date for all nine counts, the oldest filing date being December 7, 2007, which is still within the six-year statute of limitations since the indictment was filed on June 19, 2013.  *See, e.g., United States v. Solomon*, 588 F.2d 1171, 1179 (7th Cir. 1982) (finding charge of filing a false tax return was timely if the indictment charging the offense is returned within six years of the day on which the offense is complete).

Motion for Disclosure of Grand Jury Materials

Defendant's argument for disclosure of grand jury materials dovetails with his motion to dismiss - he argues that "the indictment is insufficient for failure to allege each and every

element of the crime charged and that it did not, therefore, appear that the Grand Jury had found probable cause as to each and every element of the crime charged." (DE #9, p. 2.) He believes the "Grand Jury proceedings may contain evidence that will support the pending motion to dismiss the indictment." *Id.*

Our judicial system has recognized that the proper functioning of grand jury proceedings depends upon their absolute secrecy. *See Douglas Oil Co. Of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Federal Rule of Criminal Procedure Rule 6(e) codifies the rule that grand jury proceedings should be kept secret. *See* Fed. R. Crim. P. 6(e). "[P]arties seeking disclosure of grand jury transcripts must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Matter of Grand Jury Proceedings, Special Sept., 1986,* 942 F.2d 1195, 1198 (7th Cir. 1991) (citing *Douglas Oil Co.*, 441 U.S. at 222). Grand jury secrecy may not be broken except where the party seeking disclosure can show a "compelling necessity" or a "particularized need." *Id.* Our circuit has held that "[i]n determining whether disclosure of grand jury matters is appropriate in any given case, a court must exercise substantial discretion, weighing the need for secrecy against the need for disclosure of specified documents and

9

testimony occurring before the grand jury." *Matter of Grand Jury Proceedings, Miller Brewing Co.*, 687 F.2d 1079, 1088 (7th Cir. 1982) (citing *Douglas Oil Co.*, 441 U.S. at 223-24).

Here, Defendant merely argues that the grand jury proceedings may contain evidence to support his motion to dismiss the indictment. Defendant has failed to demonstrate a particularized need for testimony of all witnesses, statements made by the Assistant United States Attorney, or any colloquy between the grand jury members and the Assistant United States Attorney. *See, e.g., United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1979) (finding a defendant seeking the production of grand jury transcripts must do more than make general unsubstantiated or speculative allegations of impropriety to prevail under Rule 6(e)(3)(c)(ii) (the former rule)). Rather, Defendant seems to be generally searching for anything helpful to his cause. "The secrecy of a grand jury proceeding is not to be pierced by such a slender reed: a mere possibility of benefit does not satisfy the required showing of a particularized need." *Matter of Jury Proceedings, Special Sept., 1986*, 942 F.2d at 1199 (citations omitted).

Moreover, where the defendant seeks disclosure based on alleged prosecutorial misconduct before the grand jury, he must show the alleged misconduct would compel dismissal of the indictment, which is only appropriate if the prosecutorial

10

misconduct prejudiced the defendant. *United States v. Anderson*, 61 F.3d 1290, 1296 (7th Cir. 1995). In this case, Defendant only speculates about prosecutorial misconduct, which is not enough. For example, the Court in *United States v. Buske*, No. 09-CR065, 2010 WL 3023364, at *3 (E.D. Wis. July 29, 2010), denied a similar request for grand jury material where the defendant could not make the required showing that the prosecutor improperly instructed the grand jury about the definition of "proceeds" in a money laundering case. Similarly, Defendant has not demonstrated that he has been prejudiced by any alleged erroneous instructions given to the grand jury.

Here, there is nothing in the record to suggest that the Assistant United States Attorney misunderstood the law or gave improper instructions to the grand jury. This Court has found that the indictment is proper, and Defendant has failed to show a particularized need or compelling necessity for disclosure of grand jury materials.[2]

CONCLUSION

For the aforementioned reasons, the Motion for Disclosure of Grand Jury Material Pursuant to Rule 6(e)(3)(E)(i) and (ii) (DE #9), and the Motion to Dismiss Indictment (DE #10) are **DENIED.**

---

[2] The Government notes that it will be producing a transcript of any grand jury witness who will be testifying at trial.

Additionally, the request for oral argument is **DENIED**.

**DATED: September 18, 2013**          **/s/ RUDY LOZANO, Judge**
                                        **United States District Court**