```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
            HAMMOND DIVISION


UNITED STATES OF AMERICA,     )
                              )
Plaintiff,                    )
                              )
vs.                           )   NO. 2:13-cr-81
                              )
STEVEN BORCHERT,              )
                              )
Defendant.                    )
```

## OPINION AND ORDER

This matter is before the Court on the Motion for Acquittal, filed by pro se Defendant, Steven Borchert, on January 24, 2014 (DE #61). For the reasons set forth below, the Motion for Acquittal (DE #61), is **DENIED**.

BACKGROUND

During trial, after the close of the Government's case, the Defendant orally made a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). This Court denied the motion for acquittal. (DE #54.)

On January 13, 2014, a jury verdict was returned against Borchert, finding him guilty of Counts 1-9 of the Indictment for making and subscribing a false document with the IRS, in violation of 26 U.S.C. § 7206(1).

Defendant timely filed the instant Motion for Acquittal on January 24, 2014, the Government filed a response on February 18, 2014 (DE #65), and Defendant filed a reply on February 28, 2014 (DE #67). Thus, the motion is fully briefed and ripe for adjudication.

DISCUSSION

Federal Rule of Criminal Procedure 29(c) provides that a defendant may renew a motion for judgment of acquittal after a guilty verdict, and "the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(1), (2). Thus, Borchert may renew his motion even though this Court already denied a previous motion (made during trial at the end of the Government's case). In ruling on a motion for acquittal, the Court must determine whether, at the time of the motion, there is relevant evidence from which a jury could reasonably find the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the Government. *See United States v. Studley*, 892 F.2d 518, 526 (7th Cir. 1989). The Court must "bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences." *United States v. Hagan*, 913 F.2d 1278, 1281 (7th Cir. 1990) (quotation omitted). The inference of guilt of a criminal offense may be created by either direct or circumstantial evidence, and circumstantial evidence is of equal probative value to direct

evidence. *Studley*, 892 F.2d at 526. All reasonable inferences that can be drawn from the evidence are viewed in the light most favorable to the Government. *Id.* In other words, a motion for judgment of acquittal must be granted when the evidence, viewed in the light most favorable to the government, is so scant that the jury could only speculate as to the defendant's guilt, and is such that a reasonably-minded jury must have a reasonable doubt as to the defendant's guilt. *See United States v. Heberman*, 583 F.2d 222, 231 (5th Cir. 1978).

Defendant states the basis for his Motion for Acquittal, in pertinent part, as follows:

1. I believe the jury did not understand the willfulness element of this crime.

2. I believe the jury did not understand that I owe no tax. The government never established any item to be false on my returns. The assessment procedure must be followed to create an assessment and therefore establish a tax loss. When no assessment is created, there is no tax loss. There is no assessment.

3. I believe the jury did not understand that my tax returns agree with the IRS's records.

4. The executive branch of the government seeks a judicial bypass to the treasury regulations required for assessment.

(DE #61, pp 1-2.) Instead of being a true challenge to the sufficiency of the evidence, which is the essence of a motion for acquittal, Borchert criticizes the jury's understanding and interpretation of evidence. This is procedurally improper. Borchert also argues that because he could not show that the IRS

3

never assessed him, the jury did not understand the wilfulness element of his offense. (DE #61, pp. 3-4.) However, this is an evidentiary challenge, not a claim of insufficient evidence. He also claims the Government used the judiciary to bypass treasury regulations. Again, this is not a proper argument made pursuant to Rule 29.

Aside from the procedural flaws in Borchert's motion, the Government presented sufficient, relevant evidence from which a jury could reasonably find the defendant was guilty beyond a reasonable doubt. As this Court recited in its jury instructions, in order to find the defendant guilty on each of the charges, the Government had to prove each of the following elements beyond a reasonable doubt: (1) the defendant prepared a Form 1040; (2) the Form 1040 was false as to a material matter, as charged in the Count; (3) the defendant signed the Form 1040, which contained a written declaration that it was made under penalties of perjury; (4) the defendant acted willfully, that is, he knew that he had a legal duty to file a truthful and complete Form 1040, but when he signed the Form 1040, he did not believe that it was truthful or complete as to a material matter; and (5) the defendant filed the Form 1040 with the Internal Revenue Service. (DE #58, Court's Instruction No. 21; *see also United States v. Powell*, 576 F.3d 482, 495 (7th Cir. 2009) (discussing required proof for conviction under section 7206(1).).

4

At trial, the Government showed that Borchert prepared and signed each Form 1040 under penalty of perjury; that each form was filed with the IRS, that Borchert knew each form was false because he omitted his business' gross receipts and sales figures, and the false statements were material. Regarding willfulness, in *Cheek v. United States*, 498 U.S. 192, 201 (1991), the Supreme Court held that "[w]illfulness, as construed by our prior decisions in criminal tax cases, requires the government to prove that the law imposed a duty on the defendant, that defendant knew of this duty, and that he voluntarily and intentionally violated that duty." As summed up by the Government in its response to the motion for acquittal (DE #65), both direct and circumstantial evidence was presented to the jury of Borchert's wilfullness, including: Borchert previously filed income tax returns listing the business' gross receipts and sales figures; (2) Borchert stopped filing income tax returns for a period of years; (3) the federal court and IRS told Borchert that his arguments were incorrect; (4) in late 2007, Borchert changed his banking activities and diverted customer receipts from his back accounts; (5) in January 2008, he considered moving his banking activities to the Cayman Islands; (6) Borchert paid his employees in cash; and (7) he did not keep expense records. The Court again finds that this evidence is sufficient to show Borchert willfully filed materially false tax returns. *See, e.g., United States v. Grumka*, 728 F.2d 794, 797 (6th Cir. 1984)

(circumstantial evidence plus defendant's prior tax-paying history and advice concerning the need to file proper tax returns constitutes evidence of willfulness).

Borchert also argues that because he was not assessed by the IRS, there was no tax loss. However, tax loss is not an element of the crime under 26 U.S.C. § 7206(1). *See, e.g., Boulware v. United States*, 552 U.S. 421, 432 n.9 (2008) (noting Courts of Appeals unanimously hold that § 7206(1) does not require proof of tax deficiency); *United States v. Presbitero*, 569 F.3d 691, 699 (7th Cir. 2009) (government not required to show actual tax deficiency in § 7206(1) prosecution); Pattern Crim. Jury Instr. 7th Cir. 26 U.S.C. § 7206(1) (2012) Committee Comment ("A charge of filing a false tax return does not, unlike a charge of evasion, require proof of a tax deficiency."). Because it is not an element of the crime, the Government did not need to show that the IRS formally assessed Borchert.

CONCLUSION

For the aforementioned reasons, the Motion for Acquittal (DE #61), is **DENIED**.

DATED: March 17, 2014                    /s/ RUDY LOZANO, Judge
                                         **United States District Court**