# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | NO. 2:13-cr-81 |
| ) | 2:16-cv-395 |
| STEVEN BORCHERT, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## OPINION AND ORDER

This matter is before the Court on the: (1) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner, Steven Borchert, on September 8, 2016 (DE #85); (2) "Motion to Supplement 2255 Motion with IRS Evidence Dated 10/5/2016," filed by Petitioner, Steven Borchert, on October 24, 2016 (DE #89); (3) "Motion to Supplement 2255 Motion with IRS Evidence Dated 11/17/2016," filed by Petitioner, Steven Borchert, on December 14, 2016 (DE #92); and (4) "Motion to Supplement 2255 Motion with IRS Evidence Dated 12/16/2016," filed by Petitioner, Steven Borchert, on January 3, 2017 (DE #93). For the reasons set forth below, the motions to supplement (DE ##89, 92, and 93) are **GRANTED** and the Court considered the motions and attachments in determining the merits of Borchert's section 2255 motion. The section 2255 motion (DE #85) is

**DENIED**. The Clerk is **ORDERED** to **DISMISS** this civil action **WITH PREJUDICE**. Additionally, the Court **DECLINES** to issue a certificate of appealability. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 13054-027), Pekin FCI, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 5000, Pekin, IL 61555, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

On June 19, 2013, Borchert was charged with nine counts of filing false tax returns in violation of 26 U.S.C. § 7206(1). (DE #1). Following a jury trial, Borchert was found guilty of all nine counts. (DE #60).

On April 17, 2014, this Court sentenced Borchert to a term of 26 months for each of Counts 1, 2, 3, 4, and 5 to be served concurrently, and a term of 25 months for each of Counts 6, 7, 8, and 9, to be served concurrently with each other, but to run consecutively to Counts 1-5; for a total of 51 months imprisonment. (DE #80). This Court found that Borchert had failed to report approximately 1.9 million dollars of gross income (sales) from his carpet cleaning business during 2001-2009, and an additional $617,760 between 2010-2012. (PSR ¶¶ 6-16; 26-29.) The tax loss was calculated at $647,415. (PSR ¶ 34.) Judgment was entered on April 23, 2014. Borchert did not appeal his convictions or sentence.

Borchert filed the instant motion to vacate his sentence under section 2255 on September 8, 2016 (DE #85). He argues that despite the one-year applicable statute of limitations, his petition is timely under section 2255(f)(4), because it was filed less than one year from the date he learned supporting facts after the IRS completed its civil settlement examination. (DE #85 at 10.) The Government filed a response in opposition on October 12, 2016 (DE #87). Borchert filed a reply on October 24, 2016 (DE #88). Borchert also filed several motions to supplement the section 2255 motion, attaching additional paperwork from a recent IRS audit which he claims is new evidence showing his tax returns are not false. (DE ##89, 92, 93.)

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.*; *Belford v. United States*,

975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'")

4

(quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Borchert's claims with these guidelines in mind.

Motions to Supplement

Borchert filed three motions to supplement (DE ##89, 92, and 93), attaching new IRS documents in support of his original section 2255 motion. Generally, a section 2255 motion "may be freely amended as long as the amendments do not add entirely new claims after the statute of limitations for filing the motion has passed." *United States of America v. Hull*, No. 2:02-CV-2, 2006 WL 752481, at

5

*1 (N.D. Ind. Mar. 21, 2006) (citing *Rodriguez v. United States*, 286 F.3d 972, 980-81 (7th Cir. 2002); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). As discussed below, Borchert's section 2255 motion was filed after the statute of limitations has passed (thus the motions to supplement were filed even later). However, because the additional documentation relates to Borchert's argument that his section 2255 motion was filed timely pursuant to section 2255(f)(4), and the supplements did not add entirely new claims, the Court has considered the motions in determining the merits of Borchert's section 2255 petition.

Section 2255 Petition

Section 2255 contains a 1-year statute of limitations which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). "[A] collateral attack under § 2255 must be filed within one year after the date on which the judgment of conviction becomes final . . . ."

*United States v. Woods*, 169 F.3d 1077, 1078 (7th Cir. 1999).

In this case, Borchert had 14 days to file a notice of appeal, or until May 7, 2014. Therefore, his conviction became final on May 7, 2014. *See Clarke v. United Sates*, 703 F.3d 1098, 1100 (7th Cir. 2013) ("the sentence did not become final until the deadline for filing a notice of appeal expired"). Borchert's section 2255 motion was not filed until September 8, 2016, well outside of the 1-year statute of limitations. No Government action prevented Borchert from filing a timely petition, and there is no Supreme Court decision that creates a retroactively applicable right for Borchert.

Borchert argues that his motion is timely under Section 2255(f)(4), which allows the statute of limitations "to begin to run later, namely on the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Clarke*, 703 F.3d at 1099-1100 (quotation omitted). This Court has reviewed the alleged "newly discovered evidence" that Borchert attached to his original motion and the motions to supplement. In a nutshell, the attachments do not show that his tax loss was zero. Rather, the recent IRS audit assessed a total tax due and owing of $525,978 for 2001-2009 (which mirrors the Court's finding of a tax loss of $524,445 for 2001-2009 ($1,873,057 x .28)). (DE #85, Attachment A4, Form 870; *see also* DE 90-1 Ex. A.) Borchert misunderstands the other documentation he

7

submits (DE ##90, 92, 93), and the paperwork simply does not show that filing his "0" tax returns was not false. Consequently, this does not qualify as newly discovered facts to extend the statute of limitations.

Aside from being untimely, Borchert's motion also fails because it was procedurally defaulted. "A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009)). To obtain such review, a petitioner must show good cause for not raising the claim earlier and that he would suffer actual prejudice for the default. *Hale v. United States*, 710 F.3d 711, 713 (7th Cir. 2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir. 2010). Borchert never asked the Seventh Circuit to review whether the evidence produced at trial was sufficient to support the claims of false tax returns, nor did he appeal the calculation of the tax loss. There was no external impediment to Borchert making this argument. "Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is actually innocent of the crimes of which he was convicted." *McCoy*, 815 F.3d at 295 (citing *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008)). Here, any claim of actual innocence fails because, as mentioned earlier, the IRS audit does not show that Borchert was innocent.

Because Borchert could have, and should have, presented his argument to the Seventh Circuit on direct appeal, he is barred from raising such claims in a collateral attack under section 2255. *See United States v. Dubrovich*, 815 F.Supp. 272, 273 (N.D. Ill. 1993) (finding in an analogous tax evader case that petitioner's claims, which were not presented on direct appeal, were procedurally defaulted.)

Finally, a further reason Borchert's motion fails is that Section 2255 relief "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice," including where the sentence imposed by the court exceeded the maximum sentence authorized by law. *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013); 28 U.S.C. § 2255(a). Here, Borchert was sentenced under the Guidelines, and any claim for miscalculation of his tax loss simply does not involve the magnitude of a constitutional error. The Honorable Judge Philip Simon recently found a claim made by a defendant who had failed to appeal an alleged error in calculating the Guidelines was not cognizable in a Section 2255 proceeding:

> This argument is the kind of bread-and-butter Guidelines application issue that is not cognizable as a claim under § 2255. Ordinarily, in the post-*Booker* era in which the Sentencing Guidelines are not mandatory, relief is not available under § 2255 for errors in Guidelines calculations unless the error is of constitutional dimension. *Hawkins v. United States*, 706 F.3d 820, 826, 828 (7th Cir.

9

> 2013) (*Hawkins I*), citing *Welch v. United States*, 604 F.3d 408, 412 and n. 4 (7th Cir. 2010); *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013) (*Hawkins II*). Velasquez's argument "involves no claim of constitutional error," but is "just a claim that the sentencing judge miscalculated the advisory guidelines range and *might* have given a lower sentence had he not miscalculated it." *Hawkins II*, 724 F.3d at 916-17. This kind of claim could've been made at sentencing (but wasn't), or been raised on direct appeal (unless waived), but can't be brought under § 2255. *Hawkins I*, 706 F.3d at 824.

*United States v. Velasquez*, 2:11-CR-77-PPS, 2016 WL 5916007, at *2 (N.D. Ind. Oct. 11, 2016). Because Borchert's claim does not involve constitutional error, it fails for that reason too.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Borchert has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the reasons set forth below, the motions to supplement (DE ##89, 92, and 93) are **GRANTED** and the Court considered the motions and attachments in determining the merits of Borchert's section 2255 motion. The section 2255 motion (DE #85) is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this civil action **WITH PREJUDICE**. Additionally, the Court **DECLINES** to issue a certificate of appealability. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 13054-027), Pekin FCI, Federal Correctional Institution, Inmate Mail/Parcels, P.C. Box 5000, Pekin, IL 61555, or to such other more current address that may be on file for the Petitioner.

DATED: January 30, 2017        /s/ RUDY LOZANO, Judge
                               **United States District Court**